UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,  )<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ADAMATIC CORP., INC.,  )<br>a foreign corporation  )<br>Defendant,  )<br>)<br>and  )<br>)<br>NINFA IRMA TORRES,  )<br>Plaintiff in Intervention,  )<br>v.  )<br>)<br>ADAMATIC CORP., INC.,  )<br>Defendant in Intervention.  ) | Case No. 05-CV-0241-CVE-SAJ |

## OPINION AND ORDER

Now before the Court is the Motion for Recusal (Dkt. # 46) filed by plaintiff in intervention, Ninfa Irma Torres. Torres moves for recusal on the grounds that Nick Haugen, who will begin employment with the Court as a law clerk on May 22, 2006, is currently employed as an associate at the law firm of LaCourse Davis Coffey & Gudgel, P.L.C., which represents defendant Adamatic Corp, Inc.

Federal law mandates recusal by a judge of the United States "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) requires that a judge make a determination as to whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995).

Torres argues that recusal is necessary because Haugen's professional association with defense counsel raises questions about the impartiality of the Court.[1] Haugen's employment with defense counsel does not, however, automatically require recusal. See Onishea v. Hopper, 126 F.3d 1323, 1341 (11th Cir. 1997) ("Law clerk conflicts . . . are not necessarily judicial conflicts.") (vacated by en banc panel on other grounds). Pursuant to Canon 3F(2)(a)(ii) of the Code of Conduct for Judicial Employees and Section 3.5(g-4) of Volume 2 of the Guide to Judiciary Policies and Procedures, the Court has already determined that Haugen will not work on any matters on which he previously served as counsel or in which his law firm participated while he was employed there. These measures sufficiently assure that Haugen's employment with defense counsel will have no impact on the course of the proceedings in this matter. See Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 714 (9th Cir. 1990) ("If a clerk has a possible conflict of interest it is the clerk, not the judge, who must be disqualified.") (quoting Hunt v. American Bank & Trust Co., 783 F.2d 1011, 1015-16 (11th Cir. 1986); Reich v. Chicago Title Ins. Co., No. 93-2309-KHV, 1993 WL 463563, at *1 (D. Kan. Oct. 27, 1993) (determining that recusal was unnecessary when, inter alia, law clerk, whose husband was employed by defendant and was listed as potential witness, had not participated, and would not participate, in the case).

The Tenth Circuit has made clear that section 455(a) "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." Switzer v. Berry, 198 F.3d 1255, 1258 (10th Cir. 2000). Nick Haugen will be prohibited from participating in this matter upon his employment with this

---

[1] For reasons that are not clear, Torres also raises her status as a "Spanish speaking person, born in a foreign country." Motion to Recuse (Dkt. # 46), at 3. She fails to identify, however, how her national origin and principal language are relevant to her motion.

2

Court, and a reasonable person, knowing all the relevant facts, could not have doubts about the undersigned's impartiality based upon nothing more than Haugen's employment as a law clerk.

**IT IS THEREFORE ORDERED** that Torres's motion for recusal (Dkt. #46) is hereby **denied**.

**DATED** this 2nd day of May, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT